1 F.3d 1251
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Carl C. JACOBSON, Jr., E.J. Johnson, and International
Surfacing, Inc., Petitioners-Appellees,
v.
Ted D. LEE, and Gunn, Lee & Miller, and Cox Paving Company,
Howard Cox, and Sidney Cox, Respondents-Appellants,
and
Blaze Construction, Inc., Alan Deatley, Albert Deatley, and
Paul Wood, Respondents.
Carl C. JACOBSON, Jr., E.J. Johnson, and International
Surfacing, Inc., Plaintiffs-Appellees,
v.
COX PAVING COMPANY, Defendant-Appellant.
 Nos. 93-1082, 93-1177, 93-1178, 93-1182, 93-1183, 93-1184,
93-1219, 93-1325, 93-1326 and 93-1327*.
 United States Court of Appeals, Federal Circuit.
 May 5, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 The parties submit the following:
 
 1
 (1) Carl C. Jacobson, Jr., E.J. Johnson, and International Surfacing, Inc.'s (Jacobson) motion to dismiss Cox Paving Company's (Cox Paving) appeal no. 93-1219 as premature;
 
 
 2
 (2) In connection with appeal no. 93-1219, Cox Paving's motion for a stay, pending appeal, of the district court's "preliminary" injunction;
 
 
 3
 (3) Jacobson's opposition;
 
 
 4
 (4) Cox Paving's unopposed motion to strike Jacobson's opposition as untimely;
 
 
 5
 (5) Ted D. Lee, personally, and his firm, Gunn, Lee & Miller's motions to stay, pending appeal, execution of the April 14, 1993 judgment of the United States District Court for the District of Arizona;
 
 
 6
 (6) Cox Paving's motion to stay, pending appeal, execution of the district court's April 14, 1993 judgment and injunction;
 
 
 7
 (7) Jacobson's opposition to the motions to stay; and
 
 
 8
 (8) Lee's motion for leave to file a reply to Jacobson's opposition, with reply attached.
 
 
 9
 (9) Cox Paving's motion for clarification of the court's April 16, 1993 order.[1]
 
 I. BACKGROUND
 
 10
 This matter stems from a case in the United States District Court for the District of Arizona that involves both an infringement action and contempt proceedings.
 
 A. The Infringement Action
 
 11
 In 1989, Jacobson filed a patent infringement suit against Cox Paving. Jacobson's patents and Cox Paving's accused infringing devices relate to asphalt rubber paving. On May 16, 1991, the district court issued a preliminary injunction, which this court affirmed on October 25, 1991.
 
 
 12
 On April 1, 1992, Cox Paving moved for clarification of the preliminary injunction order. Specifically, Cox sought a ruling that the preliminary injunction would expire when the patents that were the subject of the infringement suit expired, i.e., on June 24, 1992. The district court has not ruled on Cox Paving's motion.
 
 
 13
 During an April 13, 1992 hearing, the district court orally ruled that Jacobson had title to the patents at issue and granted Jacobson's motion for summary judgment of infringement. Cox Paving states that the district court did not enter written findings of fact and conclusions of law and has never entered a written order or judgment granting summary judgment of infringement. It is unclear from the papers submitted whether the April 13, 1993 rulings constituted the district court's final decision on liability.
 
 
 14
 On April 24, 1992, Cox Paving filed a bankruptcy petition under Chapter 11 in a Texas bankruptcy court. On May 20, the district court stayed the infringement action pursuant to the automatic stay provision of the Bankruptcy Code. 11 U.S.C. Sec. 362(a).
 
 
 15
 On January 5, 1993, the district court granted Jacobson's motion to exonerate the $500,000 bond that Jacobson had submitted as security pursuant to Fed.R.Civ.P. 65(c) when the preliminary injunction issued in 1991.
 
 B. The Bankruptcy Proceedings
 
 16
 As previously stated, on April 24, 1992, Cox Paving filed a bankruptcy petition under Chapter 11 in a Texas bankruptcy court. On July 10, 1992, in response to Cox Paving's motion, the bankruptcy court determined that "a reasonable interpretation of the preliminary injunction issued in the Arizona litigation is that it is limited to the effective life of the patents in question, and that it will expire at midnight on June 24, 1992." On July 28, 1992, the bankruptcy court granted Jacobson's motion for relief from the automatic stay in part and permitted:
 
 
 17
 any action for criminal contempt against any of Debtors to go forward in the Arizona Litigation. However, Movants shall not go forward by way of seeking further civil relief against Debtors in the Arizona Litigation whether by way of civil contempt, injunction or pursuit of a finding as to money damages in such litigation."
 
 
 18
 The bankruptcy court also stated that Cox Paving should resume asphalt-rubber paving as part of its reorganization plan.
 
 C. The Contempt Proceedings
 
 19
 On April 1, 1992, the district court issued a contempt order determining that Cox Paving, Howard Cox, Sidney Cox, and Cox Paving's trial counsel, Ted D. Lee, and his firm, Gunn, Lee & Miller, had violated the preliminary injunction and awarded Jacobson $150,000.
 
 
 20
 On May 20, 1992, the district court acknowledged that the infringement action was stayed pursuant to the automatic stay provision that went into effect when Cox Paving filed for bankruptcy. However, the district court refused to stay the contempt proceedings.[2] On November 3, 1992, the district court issued a second contempt order determining that Cox Paving, Howard Cox, Sidney Cox, Ted D. Lee, and Gunn, Lee & Miller were liable for treble damages of approximately $4.2 million dollars. Additionally, Blaze Construction, Inc., Albert DeAtley, Alan DeAtley, and Paul Wood were liable along with the other respondents for $1.8 million of the $4.2 million dollar award. The November 3 order also enjoined Cox Paving, Howard Cox, Sidney Cox, Ted D. Lee, Gunn, Lee & Miller, from "directly or indirectly using the subject matter" of the instant patents, and from "using, selling or bidding on ... any combination of paving grade asphalt or non-oil resistant asphalt soluble rubber" made in a specified manner, for 24 months from the date of judgment. On November 23, 1992, the district court issued an amended judgment in the contempt proceedings and certified it as final pursuant to Fed.R.Civ.P. 54(b). Various parties thereafter filed post-judgment motions.
 
 
 21
 On April 1, 1993, the district court ruled on the post-judgment motions. On April 14, 1993, the district court entered a Second Amended Judgment in the contempt proceedings again determining that Cox Paving et al. were liable to Jacobson for approximately $4.2 million and enjoining the contempt respondents from "infringing" activity for 24 months. The district court dismissed Blaze Construction, Paul Wood, Alan DeAtley, and Albert DeAtley (collectively Blaze respondents) because of an unspecified money settlement. Finally, the district court stated that the judgment was final pursuant to Fed.R.Civ.P. 54(b). The district court characterized the contempt proceedings as civil rather than criminal.
 
 D. Appeals
 
 22
 Cox Paving, Howard Cox, Sidney Cox, Ted D. Lee, and Gunn, Lee, & Miller, appealed the November 3 and November 23, 1992 orders, appeal nos. 93-1082, -1177, -1178, -1179, -1182, -1183, and -1184. Cox Paving also appealed the district court's January 5, 1993 order granting Jacobson's motion to exonerate Jacobson's $500,000 preliminary injunction bond, appeal no. 93-1219. Cox Paving and Howard Cox, Lee, and Gunn, Lee, & Miller appealed the April 14 judgment, appeal nos. 93-1325, -1326, 1327. Because Cox Paving, Howard Cox, Lee, and Gunn, Lee, & Miller have appealed the final April 14 judgment, because an appeal of that judgment encompasses all rulings in the contempt proceedings, and because their earlier-filed appeals are now redundant (and perhaps premature), we dismiss their earlier filed appeal nos. 93-1082, -1177, -1178, -1182, -1183, and -1184.
 
 E. The Terminology
 
 23
 Some of the arguments and statements contained in the parties' papers are confusing. Some of the confusion stems from the imprecise terms applied to the various injunctions. Some of the confusion stems from the absence of a formal district court order extending the injunction beyond the expiration of the patents. For the sake of clarity, we refer to the district court's May 16, 1991 injunction as the "preliminary injunction." We refer to any constructive injunction that extended the preliminary injunction beyond the date the patents expired, i.e., June 24, 1992, until the date of the district court's April 14, 1993 judgment, as the "postpatent-expiration injunction,"[3] and we refer to the district court's 24-month injunction ordered in its April contempt judgment, as the "contempt injunction."[4] We urge that parties to adopt these terms in their briefs.
 
 II. MOTIONS
 
 24
 A. Jacobson's Motion to Dismiss Appeal No. 92-1219
 
 
 25
 Jacobson moves to dismiss appeal no. 93-1219 on the ground that the district court's January 5, 1993 bond exoneration order was interlocutory and not appealable at the time Cox Paving appealed. We agree. Accordingly, we grant Jacobson's motion to dismiss appeal no. 93-1219. However, we determine that Cox Paving may seek review of the district court's bond exoneration order as a matter ancillary to its appeal of the contempt proceedings. See Katz v. Lear Siegler, 909 F.2d 1459 (Fed.Cir.1990) (interlocutory order that is ordinarily not appealable may be given discretionary appellate review when it is ancillary to other matters that are appealable); Intermedics Infusaid, Inc. v. The Regents of the Univ. of Minnesota, 804 F.2d 129 (Fed.Cir.1986) (a court may, in its discretion, review matters which ordinarily would be nonappealable, standing alone, in connection with review of an injunction).
 
 
 26
 B. Lee, Gunn, Lee, & Miller and Cox Paving's Motions to Stay Execution of the April 14, 1993 Judgment, Pending Appeal, and Cox Paving's Motion to Stay the Injunction, Pending Appeal.
 
 
 27
 In considering whether to grant a stay, pending appeal, this court looks to the traditional stay factors:
 
 
 28
 ... (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
 
 
 29
 Standard Havens Products v. Gencor Industries, 897 F.2d 511, 512 (Fed.Cir.1990). The stay factors contemplate individualized decisions in each case; the formula cannot be reduced to a rigid set of rules. Standard Havens, 897 F.2d at 513. The stronger the showing of likelihood of success on the merits, the less heavily the balance of harms need tip in movant's favor. Conversely, if the harm factors weigh heavily in movant's favor, it need only demonstrate a substantial case on the merits. Id.
 
 
 30
 1. Lee and Gunn, Lee, & Miller's Motions to Stay Execution
 
 
 31
 of the Judgment
 
 
 32
 With regard to harm, Lee, and Gunn, Lee, & Miller argue, inter alia, that they are unable to obtain a bond in the amount of the judgment and face immediate bankruptcy if Jacobson is allowed to execute the district court's April 14, 1993 $4.2 million judgment.
 
 
 33
 With regard to the merits, Lee, and Gunn, Lee, & Miller argue, inter alia, that the district court erred by (1) trebling civil damages, (2) holding Lee, and Gunn, Lee, & Miller liable for giving their client advice, (3) extending the injunction beyond the life of the patents and (4) preempting the bankruptcy court's ruling that Cox Paving could immediately begin bidding and doing asphalt-rubber work because the patents expired. In addition, Gunn, Lee, & Miller argues that the district court failed to "credit Gunn, Lee, & Miller for monies Jacobson has already recovered" on the basis of settlement with the Blaze respondents.
 
 
 34
 Jacobson argues that Lee, and Gunn, Lee, & Miller have "refused to discuss either a settlement or the posting of a reduced bond." Further, Jacobson argues "every day the execution of the contempt judgment is delayed, the attorney respondents receive and have an opportunity to hide, defer or divert income rightly collectible by Jacobson." Regarding the merits, Jacobson generally argues that the district court's judgment was supported by the facts and the law.
 
 
 35
 2. Cox Paving's Motions to Stay Execution of the Judgment
 
 
 36
 and the Injunction, Pending Appeal
 
 
 37
 Regarding harm, Cox Paving argues that unless both the contempt injunction and execution of the contempt judgment are stayed, it will be forced into chapter 7 liquidation. Jacobson does not address Cox Paving's showing of harm.
 
 
 38
 Regarding the merits, Cox Paving argues, inter alia, (1) that the district court erred in moving forward with the contempt proceedings after the bankruptcy court ruled that Jacobson could not seek "further civil relief against debtors in the Arizona Litigation whether by way of civil contempt, injunction, or pursuit of a finding as to money damages in such litigation," (2) that the district court erred in issuing the contempt injunction after the patents at issue expired and after the bankruptcy court issued a ruling that the injunction expired simultaneously with the patents, and (3) that the district court impermissibly trebled civil damages and did not credit Cox Paving for the amount already collected by Jacobson because of settlement with the Blaze respondents.
 
 
 39
 In response, Jacobson argues that the district court "possessed jurisdiction to determine the applicability of the Sec. 362 automatic stay" and that the district court correctly determined that the stay may not be used as a shield "to sanction contumacious conduct." Jacobson argues that the expiration of the patents did not moot Jacobson's request for injunctive relief. Finally, Jacobson argues that the district court's "form of equitable relief represents a totally appropriate exercise of the [district] Court's discretion" in light of Cox Paving's blatant and repeated violations of the preliminary injunction.
 
 III. Conclusion
 
 40
 Cox Paving, Lee, and Gunn, Lee, & Miller, all make strong showings of irreparable harm if execution of the $4.2 million judgment is not stayed. Further, there is a strong likelihood that the appeals will not advance if execution is not stayed. As set forth below, the parties are being directed to fashion a remedy whereby Jacobson will be afforded protection during the pendency of the appeals. However, on balance, the harm factors weigh heavily in Cox Paving, Lee, and Gunn, Lee, & Miller's favor.
 
 
 41
 Cox Paving, Lee, and Gunn, Lee, & Miller raise substantial questions regarding the propriety of trebling civil damages and regarding the authority of the district court to issue an injunction that extends beyond the life of the patents. Cox Paving also raises substantial questions focusing on the conflicting rulings of the Arizona district court and the Texas bankruptcy court concerning the propriety of the injunction and the power of the district court to proceed with the contempt proceedings in light of the bankruptcy court's explicit rulings to the contrary. These are important questions, some of first impression, that deserve careful consideration by this court. Consequently, in light of the petitioners' showings under the Standard Havens factors and in order to preserve these issues on appeal, we determine that a stay of execution of the April 14, 1993 judgment and injunction is appropriate.
 
 
 42
 Accordingly,
 
 IT IS ORDERED THAT:
 
 43
 (1) Appeal nos. 93-1082, -1177, -1178, -1182, -1183, -1184, and -1219 are dismissed.
 
 
 44
 (2) Cox Paving's unopposed motion to strike Jacobson's untimely opposition to Cox Paving's motion for a stay, pending appeal, is granted.[5]
 
 
 45
 (3) Lee, and Gunn, Lee, & Miller's motion to stay execution of the judgment, pending appeal, is granted.
 
 
 46
 (4) Cox Paving's motion for a stay, pending appeal, of execution of the judgment and injunction is granted.
 
 
 47
 (5) Lee's motion for leave to file a reply to Jacobson's opposition to the motions to stay is granted.
 
 
 48
 (6) The parties are strongly urged to reach an agreement concerning a reduced bond or other relief that will afford Jacobson protection during the pendency of the appeals. The parties are directed to file a status report with the court within 10 days. Absent an agreement, the parties should propose alternatives.
 
 
 49
 (9) A copy of the revised official caption will be sent to the parties.
 
 
 50
 (10) All other pending motions are dismissed as moot.
 
 
 
 *
 The district court case involved both an infringement action and contempt proceedings. In the contempt proceedings, the district court designated the parties as petitioners and respondents. In the infringement action, the parties were designated as plaintiffs and defendants. This bifurcated caption reflects both the infringement action and the contempt proceedings
 
 
 [1]
 The court's April 16, 1993 order clearly stayed only "execution of the judgment." The court's April 15, 1993 order did not stay any injunctions
 
 
 [2]
 The district court stated that "Sec. 362 is not and cannot be intended to be a shield" for contempt or contumacious conduct. The district court also expressed disagreement with the bankruptcy court's July 10, 1992 ruling that the injunction would expire on June 24, 1992 and that only criminal contempt actions could proceed in view of the automatic stay. The district court stated in its November 10, 1992 show cause hearing, "not only does the bankruptcy court attempt to impose its rulings on this court's ability to deal with contempt proceedings but it also attempts to interpret patent law, which it has no jurisdiction to do in the context of this hearing. And the Court is disregarding this order for all purposes."
 
 
 [3]
 Cox Paving apparently believes that a postpatent-expiration injunction is in effect and is presently running concurrently with the contempt injunction. However, only the April 14 injunction has been issued by the district court in written form. For purposes of this order, we consider the April 14 contempt injunction as the operative injunction
 
 
 [4]
 The parties insist on referring to the contempt injunction as a "preliminary" injunction. However, unlike a preliminary injunction that is issued prior to a trial on the merits or prior to a ruling on a dispositive motion, the district court's contempt injunction was issued after hearings on the contempt matter. Moreover, the contempt proceedings are complete. Hence, the district court's contempt injunction is permanent rather than preliminary
 
 
 [5]
 Jacobson submitted an untimely opposition to Cox Paving's motion for a stay, pending appeal. However, we note that Jacobson's opposition to Cox Paving's motion for a stay and Jacobson's motion to dismiss are virtually identical